[PHILADELPHIA, FEBRUARY 11TH, 1839.]

## BACON *against* SANDERS and Others.

### IN ERROR.

In an action of assumpsit, brought in the District Court for the City and County of Philadelphia, in the names of J. S., J. S., and H. H., "Trustees of the Kensington Savings Institution," on a promissory note drawn by the defendant, in favour of, and endorsed in blank by A., it is not sufficient to aver in an affidavit of defence, under the act of 1835, that the defendant paid to A. a part of the amount for which the note was given, previous to its arriving at maturity, and without notice of its transfer, and that the persons suing "are only a part of the co-partners, trading under the firm of the Kensington Savings Institution, and are incapable to bringing suit as such, the whole of the co-partners being necessary."

ERROR to the District Court for the City and County of Philadelphia.

On the return of the record, it appeared that an action on the case was brought in that Court to March term, 1837, in the names of John Sanders, John Sexton, and Howell Hopkins, trustees of the Kensington Savings Institution, against Benjamin R. Bacon. On the 13th of March, 1837, the plaintiffs filed a declaration in assumpsit, on a promissory note drawn by the defendant, dated the 9th day of November, 1836, at ninety days, for $100 in favour of Isaac Boileau, averring that the said Isaac Boileau endorsed the same to the plaintiffs, &c. On the same day, the plaintiffs, in pursuance of the act of assembly, filed a copy of the note as follows :—

"Philadelphia, Nov. 9, 1836.
$100.
Ninety days after date I promise to pay Isaac Boileau, or order, one hundred dollars, without defalcation, for value received.
                                        BENJAMIN R. BACON."
Endorsed,—" ISAAC BOILEAU."

On the 24th of March, 1837, the defendant filed the following affidavit of defence :—

"Benjamin R. Bacon, the defendant above-named, being duly sworn according to law, doth depose and say, that he has a just, true

(Bacon *v.* Saunders.)

and legal defence to the plaintiffs' cause of action, or case as stated and note filed. The said defendant having given his note to Isaac Boileau, for a hundred dollars, on which he paid the said Boileau sixty dollars, previous to its arriving at maturity; that this defendant never received any notice of the transfer of said note to any person or persons whatsoever, or of its being protested by any person authorised by law so to do. That the said individuals who bring suit, are only a part of the co-partners trading under the firm of the Kensington Savings Institution, and are incapable to bring suit as such, the whole of the co-partners being necessary."

The District Court, upon a rule obtained for that purpose, and after argument, gave judgment for the plaintiffs, for want of a sufficient affidavit of defence; upon which the defendant took this writ of error, and assigned the following errors:—

" 1. The Court erred in rendering judgment when an affidavit of defence had been filed.

2. The Court erred in deciding that the affidavit of defence was insufficient.

3. The Court erred in deciding that the plaintiffs' suit was correctly brought, although none of the names of the co-partners, trading under the firm of the Kensington Savings Institution, appeared, other than the trustees.

4. Because as trustees the said John Sanders, et al. could not bring suit."

Mr. *Goodman*, for the plaintiff in error, contended, that the suit ought to have been brought in the name of all the members of the Kensington Savings Institution, an unincorporated company. He cited *West* v. *Simmons*, (2 *Wharton's Rep.* 265.) *Babb* v. *Read*, (5 *Rawle*, 151.) *Nevin* v. *Spickerman*, (12 *John.* 401.)

The Court declined hearing Mr. *Hopkins*, who was to argue for the defendants in error.

PER CURIAM.—The want of notice of transfer is not material; and the blank endorsement might be filled up with the names of the legal partners on the record. It is therefore unimportant that there may be persons not joined, who are partners in the association called " The Kensington Savings Institution."

Judgment affirmed.